**Opinion filed July 21, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00037-CV

_____

## IN THE INTEREST OF T.L.C., A CHILD

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. E-21-006-PC**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of T.L.C. The mother filed this appeal. On appeal, she presents six issues in which she challenges the legal and factual sufficiency of the evidence to support the trial court's findings. We affirm the trial court's order of termination.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West 2022). To terminate parental

rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed five of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (M), (N), and (O). Specifically, the trial court found (1) that Appellant had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being, (2) that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being, (3) that Appellant had had her parental rights terminated with respect to another child based on a finding under subsection (D) or (E), (4) that Appellant had constructively abandoned the child, and (5) that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the child, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parents for abuse or neglect. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility

2

and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Evidence Presented at Trial*

The record shows that T.L.C. was born during an ongoing CPS case that involved the removal of Appellant's older children from her care. Because of the Department's concerns about Appellant's mental stability, use of drugs, noncompliance with the service plan in the prior case, and unstable housing, the Department attempted to check on the welfare of T.L.C. Appellant was uncooperative in that regard. When the Department finally located T.L.C. at a relative's home, a man in the house "snuck out" a back window with T.L.C., got into a car, and drove away with T.L.C. in his hands—not in a car seat. T.L.C. was less

than three months old at the time and was removed by the Department—with the aid of law enforcement.

After T.L.C. was removed from Appellant's care, the trial court ordered Appellant to comply with the provisions of her family service plan. Appellant participated in some of the services but failed to complete some of them. Appellant did not have stable housing or employment and missed over half of her scheduled visits with T.L.C. Importantly, Appellant twice tested positive for cocaine: once in December 2020 shortly before T.LC. was removed and once in April 2021. The results of urinalysis tests in January, February, and July 2021 were negative. Appellant, however, refused to submit to drug testing when requested in March, May, June, August, October, and November 2021. Additionally, even after Appellant completed domestic violence counseling, she and T.LC.'s father engaged in domestic violence.

Appellant testified that she was still homeless at the time of trial but that she had been working for three months. Appellant denied ever using any illegal drugs. She asked that her parental rights not be terminated.

At the time of trial, the Department's plans for T.L.C. were for her to remain in her current foster home, which was a foster-to-adopt home, and ultimately to be adopted by her foster parents. T.L.C. had lived in the same foster home throughout the proceedings below. T.L.C. had bonded with her foster family and was doing well in their care. According to the conservatorship caseworker, T.L.C. always seemed happy. The Department continued to have concerns about Appellant's homelessness, stability, and drug use.

The Department's conservatorship caseworker, along with the attorney that was appointed to be the child's attorney and guardian ad litem, believed that it would be in the child's best interest for Appellant's parental rights to be terminated.

4

*Analysis*

*Endangering Conduct*

In her first, second, third, fourth, and fifth issues, Appellant challenges the legal and factual sufficiency of the evidence to prove grounds (D), (E), (M), (N), and (O). We need only address her challenge to the trial court's finding under Section 161.001(b)(1)(E). *See In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law with respect to appellate review of grounds (D) and (E) and holding that an appellate court must provide a detailed analysis if affirming the termination on either of these grounds).

Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 34 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct need not be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Drug use by parent may constitute evidence of endangerment. *Id.* Furthermore, domestic violence may also constitute evidence of endangerment. *C.J.O.*, 325 S.W.3d at 265.

Here, based upon evidence that Appellant placed T.L.C. in an unsafe situation in order to hide her from the Department, used cocaine, engaged in domestic violence, and continued to be in a relationship with the man with whom she engaged in domestic violence, the trial court could have reasonably found by clear and convincing evidence that Appellant had engaged in a course of conduct that endangered T.L.C. Therefore, we hold that the evidence is legally and factually

sufficient to uphold the trial court's finding as to Appellant under subsection (E). Accordingly, we overrule Appellant's second issue. Because only one statutory ground is necessary to support termination and because we have upheld the trial court's finding as to subsection (E), we need not address Appellant's first, third, fourth, and fifth issues. *See* FAM. § 161.001(b)(1); *N.G.*, 577 S.W.3d at 234–35; *see also* TEX. R. APP. P. 47.1.

*Best Interest*

In her sixth issue, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's finding that termination of her parental rights would be in the best interest of T.L.C.

With respect to the child's best interest, the evidence, as set forth above, shows that Appellant endangered T.L.C., continued to use cocaine, engaged in domestic violence with T.L.C.'s father, failed to complete the services that were required for T.L.C. to be returned to her, failed to obtain and maintain a stable environment, and continued to engage in a relationship with T.LC.'s father—who also used cocaine.

At the time of the termination hearing, T.L.C. was not yet fourteen months old, but she had lived with the same foster parents for eleven months. T.L.C. was doing well in their care, and all of her needs were being met. Appellant had not demonstrated that she could provide a safe, stable home for the child. Furthermore, both the conservatorship caseworker and T.L.C.'s attorney and guardian ad litem believed that it would be in T.L.C.'s best interest to terminate Appellant's parental rights.

However, the trial court, as the trier of fact, is the sole judge of the witnesses' credibility. *A.B.*, 437 S.W.3d at 503. Giving due deference to the trial court in this regard, we hold that, in light of the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in T.L.C.'s best interest. *See*

*Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of those involved, the plans for the child by the Department, Appellant's mental stability, Appellant's drug use, and Appellant's unstable housing situation, we further hold that the evidence is legally and factually sufficient to support the trial court's finding that termination of Appellant's parental rights is in the best interest of T.L.C. *See id.* We defer to the trial court's finding as to the child's best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the trial court's finding as to best interest is not supported by clear and convincing evidence. Accordingly, we overrule Appellant's sixth issue.

*This Court's Ruling*

We affirm the order of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

July 21, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.